UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST FEDERATION, ET AL., | Case No. C-05-3232 JCS |
| Plaintiff(s), | |
| v. | **ORDER GRANTING MOTION TO TRANSFER VENUE [Docket No. 60]** |
| CARLOS M. GUTIERREZ, ET AL., | |
| Defendant(s). | |
| and | |
| CALIFORNIA FARM BUREAU FEDERATION, SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, AND WESTLANDS WATER DISTRICT, | |
| Intervenor Defendant(s). | |

## I. INTRODUCTION

On Friday, January 20, 2006, Federal Defendants' Motion to Transfer Venue (the "Motion"), in which Defendant-Intervenors have joined, came on for hearing. Another judge of this court has previously transferred a companion action, *Natural Resources Defense Counsel, et al. v. Norton, et al.* ("*NRDC v. Norton*"), Case No. C-05-0690 CW, to Judge Wanger of the Eastern District. These two cases have (1) overlapping facts and legal issues and (2) arise out of the same agency action. In light of the danger of inconsistent relief, these two cases should be decided by the same court. Accordingly, the Motion is GRANTED.

## II. BACKGROUND

This action was filed on August 9, 2005. In it, Plaintiffs challenge the legality of a biological opinion issued by the National Marine Fisheries Service ("NFMS") in connection with the "Long-Term Central Valley Project Operations Criteria and Plan" ("2004 OCAP"), issued by the United

States Bureau of Reclamation. The 2004 OCAP sets forth a joint operating plan for the federal Central Valley Project ("CVP") and the State Water Project ("SWP") operated by the Bureau of Reclamation. On the same day that Plaintiffs filed the complaint in this action, they also filed a motion to relate the case to an earlier filed action then pending before Judge Wilken, *NRDC v. Norton*. In that action, Plaintiffs challenged the legality of another biological opinion, issued by the United States Fish and Wildlife Service ("FWS"), also in connection with the 2004 OCAP.

In their Administrative Motion to Consider Whether Cases Should be Related (the "Motion to Relate"), filed on August 9, 2005, Plaintiffs described the relationship between the two actions:

> The new action and *NRDC v. Norton* share many of the same factual and legal issues such that their assignment to a single judge would avoid significant duplication of labor and expense. Both cases involve the same water projects, the same operating plan and the same changes in future operations. Specifically, both involve the substantial changes to CVP and SWP operations set forth in the 2004 OCAP, and both represent an attempt by environmental and fishing groups to ensure that the impacts of these operational changes on federally listed fish species are adequately considered before these changes are further implemented. Both cases will require the court to familiarize itself with the 2004 OCAP. not only in terms of changed operations proposed therein, but in terms of the environmental (and especially fishery) impacts of those changed operations, such as elevated water temperatures and habitat degradation.
>
> Both cases also share common legal questions. For example, both cases will require the court to address whether NMFS and FWS complied with the identical [Endangered Species Act] Section 7 requirements that govern the preparation of biological opinions. In doing so, each court will have to consider such questions as whether the "no jeopardy" conclusion in each case is reasonable in light of the 2004 OCAP's significant intensification of CVP and SWP operations, and whether the "adaptive management" scheme and other future mitigation measures proposed in association with the 2004 OCAP are sufficient to justify a "no jeopardy" opinion despite the likely impacts to the affected species of the changed and intensified operations. Finally, the new action and *NRDC v. Norton* raise similar questions regarding the appropriate remedy for the federal defendants' failure to prepare adequate biological opinions; therefore the potential exists for conflicting remedies in the event the cases are not assigned to the same judge.

Motion to Relate at 4-5.

Before Judge Wilken ruled on the Motion to Relate, Defendant-Intervenors in *NRDC v. Norton* brought a motion to transfer that action to the Eastern District of California on the basis that it was similar to an action pending in the Eastern District, *San Luis & Delta-Mendota Water Auth.*

2

*and Westlands Water Dist. v. United States Dep't of the Interior, et al.*, Case No. CIV F-02-6461 OWW/DLB (hereinafter, "*San Luis*"). Judge Wilken denied the motion to relate and granted the motion to transfer *NRDC v. Norton* to the Eastern District.

Defendants and Defendant-Intervenors (collectively, the "Moving Parties") now seek transfer of this action to the Eastern District pursuant to 28 U.S.C. § 1404(a) on the basis that such a transfer is in the interest of justice because of the substantial similarities between this action and *NRDC v. Norton* and the greater judicial efficiency that will result from resolving these cases in the same court. Plaintiffs counter that a transfer should not be granted because their choice of forum should be given deference and because a transfer will give rise to significant inconvenience to many of the key individuals of the Plaintiff organizations. Plaintiffs reject the assertion that the similarities between this action and *NRDC v. Norton* support transfer, pointing out that the actions involve two different biological opinions issued by two different agencies. They also assert that transfer is not in the interest of justice because it would result in delay, given the greater court congestion in the Eastern District.[1]

## III.  ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), a case may be transferred "for the convenience of the parties of the parties and witnesses, in the interest of justice" to "any other district or division where the action might have been brought."[2] In *Continental Grain Co. v. Barge F.B.L. - 585*, the Supreme

---

[1] In support of this point, Plaintiffs request judicial notice of statements by both Judge Wilken, of this district, and Judge Wanger, of the Eastern District, that the Eastern District of California is one of the busiest districts in the country. *See* Plaintiffs' Request that the Court Take Judicial Notice of Adjudicative Facts in Connection with Plaintiffs' Opposition to Federal Defendants' Motion to Transfer Venue ("First Request for Judicial Notice") (requesting Court take judicial notice of transcript of November 18, 2005, proceeding before Judge Wilken in which Judge Wilken stated that "the Eastern District of California has a huge caseload, much greater than ours"); Plaintiffs' Second Request that the Court Take Judicial Notice of Adjudicative Facts in Connection with Plaintiffs' Opposition to Federal Defendants' Motion to Transfer Venue ("Second Request for Judicial Notice") (requesting Court take judicial notice of transcript in proceeding before Judge Wanger in unrelated action in which Judge Wanger stated that "this is the busiest court in the United States . . . We have over 1,150 cases per judge in this court"). The Court grants Plaintiffs' request for judicial notice of these transcripts pursuant to Fed. R. Evid. 201(d), which allows courts to take judicial notice of facts not reasonably subject to dispute.

[2] The parties do not dispute that the action could have been brought in the Eastern District of California.

3

1  Court held that "[t]o permit a situation in which two cases involving precisely the same issues are
2  simultaneously pending in different district courts leads to the wastefulness of time, energy and
3  money that § 1404(a) was designed to prevent." 364 U.S. 19, 26 (1960). In reliance on *Continental*
4  *Grain*, courts have held that "the pendency of a similar action in the transferee court is a universally
5  recognized reason for granting a change of venue." *Weltmann v. Fletcher*, 431 F. Supp. 448, 451
6  (N.D. Ohio 1976) (citing *Continental Grain*, 364 U.S. at 26). For example, Judge Armstrong, of this
7  court, has explained that "the pendency of related actions in the proposed transferee forum is a
8  highly persuasive factor" in determining whether a transfer is in the interest of justice. *Wiley v.*
9  *Trendwest Resorts, Inc.*, 2005 WL 1910934 (N.D. Cal.) at *3. Further, "[t]he 'interests of justice'
10  consideration is the most important factor a court must consider, and may be decisive in a transfer
11  motion even when all other factors point the other way." *Id*. (quoting *London and Hull Maritime*
12  *Ins. Co. v. Eagle Pacific Ins. Co.*, 1996 WL 479013, * 3 (N.D. Cal. 1996)).

13  Other factors considered by courts in determining whether a case should be transferred under
14  § 1404(a) are: "(1) the location where the relevant agreements were negotiated and executed, (2) the
15  state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the
16  respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action
17  in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the
18  availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8)
19  the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 .3d 495, 498-499 (9th
20  Cir. 2000). However, in environmental cases involving challenges to an administrative record,
21  many of these factors are not applicable, in part because there is no evidentiary hearing or
22  presentation of witnesses. *See Nez Perce Tribe v. Nat'l Oceanic and Atmospheric Admin. Fisheries*,
23  2004 WL 1179333 at * 2 (D. Or. May 27, 2004). In these cases, one of the most important
24  considerations often is the local interest in having localized controversies decided at home. *Id*. A
25  party seeking transfer must make "a strong showing . . . to warrant upsetting the plaintiff's choice of
26  forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

27  Based on consideration of the factors listed above, the Court concludes that transfer is
28  warranted. It is indisputable – and indeed, undisputed by the parties – that there is significant

overlap between the two cases such that trying them together will result in greater judicial efficiency. Further, the Court concludes that there is a danger of inconsistent outcomes if the cases are handled by different courts. The Court is particularly troubled by the possibility that if this case and *NRDC v. Norton* are handled by different courts, the potential remedies fashioned by the two courts are likely to be piecemeal. Given that the 2004 OCAP is intended to be a unified plan, it is in the interest of justice that any relief that may be granted in one or both cases should be fashioned by a single judge who has the ability to appreciate its broad implications. Judge Wilken has found good cause to transfer *NRDC v. Norton* to the Eastern District. This case should be heard in the same court.

The Court does not find that the potential inconvenience to Plaintiffs of transferring the case to the Eastern District is significant enough to outweigh the concerns discussed above. As Judge Wilken has noted, most of the plaintiffs are regional, state-wide or national organizations. *See* Order Granting Motion to Transfer (Case No. C-05-0690 CW), filed 9/6/05. Many litigate in the Eastern District frequently. Nor does the possibility that there will be some delay in resolution of the case (Plaintiffs assert that cases in the Eastern District take on average a month longer to resolve than cases in this district, and the Court assumes this statistic to be accurate) persuade the Court the case should not be transferred. While this Court is reluctant to contribute to the already heavy case load of the Eastern District, it concludes that this is just the sort of case that § 1404(a) was designed to address. The "interest of justice" strongly outweighs any inconvenience to Plaintiffs that will result from transferring the case.

**IV. CONCLUSION**

For the reasons stated above, the Motion is GRANTED. The Clerk is instructed to transfer the file in this case to the Eastern District of California, Fresno Division.

IT IS SO ORDERED.

Dated: January 24, 2006

JOSEPH C. SPERO
United States Magistrate Judge

5